UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RALPH EUGENE GOODMAN,

*Petitioner*,

vs.

D.W. NEVEN, et al.,

*Respondents*.

2:12-cv-01967-JAD-VCF

**Order Granting Motion to Dismiss in Part and Directing Petitioner to Make an Election**

(##23, 57)

Habeas petitioner Ralph Eugene Goodman challenges his 2004 state-court conviction for two counts of first-degree murder with use of a deadly weapon. The state moves to dismiss the petition, arguing that the grounds Goodman alleges are either untimely or exhausted.[1] I grant the motion in part. I find that grounds 8, 10, and portions of ground 3(B) are untimely and do not relate back, so I dismiss them. I also find that grounds 2, 3(C), 4-6, portions of grounds 7 and 9, and the non-dismissed portion of 3(B) are unexhausted, making this a mixed petition and leaving Goodman with a choice of how to proceed. Goodman has until September 8, 2015, to elect whether to (1) abandon his unexhausted grounds and proceed on the exhausted ones, (2) dismiss all of his claims without prejudice and return to state court to exhaust the unexhausted grounds, or (3) move the court to stay this case and hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted grounds.

**I.    Procedural History and Background**

This is a petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner filed a counseled first amended petition. Doc. 24. Before the court is respondents' motion to dismiss. Doc. 57. Petitioner opposed the motion and respondents replied. Docs. 59, 60.

On March 10, 2004, a jury convicted petitioner Ralph Eugene Goodman of two counts of first-degree murder with use of a deadly weapon. *See* exhibits to first amended petition, Doc. 24,

---

[1] Doc. 57.

Exh. 83.[2] On May 3, 2004, upon stipulation of the parties, the state district court sentenced petitioner to two consecutive terms of life without the possibility of parole, with an equal and consecutive sentence of life without the possibility of parole for the use of a deadly weapon on each count. Exh. 85. The judgment of conviction was entered on May 10, 2004. Exh. 86.

The Nevada Supreme Court affirmed his convictions on November 16, 2005. Exh. 96. Remittitur issued on December 13, 2005. Exh. 98.

Petitioner filed a proper person state postconviction petition for writ of habeas corpus on September 20, 2006. Exh. 100. The state district court summarily denied the petition at a hearing. Exh. 144 at 11/13/06. The court filed written findings of fact, conclusions of law, and an order denying the petition on December 12, 2006. Exh. 108. Petitioner filed a proper person appeal, and the Nevada Supreme Court reversed and remanded for appointment of counsel. Exhs. 110, 114, 116.

On July 20, 2009, petitioner filed a counseled state petition and supplemental points and authorities. Exh. 118. The state district court held a hearing and issued an order denying several claims and ordering an evidentiary hearing on two others. Exhs. 120, 121. At the conclusion of the May 2, 2011, hearing, the state district court denied the remaining grounds. It issued a written findings of fact, conclusions of law, and order denying the petition on June 21, 2011. Exhs. 129, 131. The Nevada Supreme Court affirmed the denial of the petition on July 25, 2012, and denied rehearing; remittitur issued on October 9, 2012. Exhs. 138, 141, 143.

Petitioner dispatched his federal habeas corpus petition on November 8, 2012. Doc. 6. This court appointed counsel, and petitioner filed a counseled first amended petition on September 15, 2014. Doc. 24. Respondents now move to dismiss that petition, arguing that several grounds should be dismissed as unexhausted or because they are untimely and do not relate back to the original petition.

---

[2] All exhibits referenced in this order are exhibits to the first amended petition, Doc. 24, and are found at Docs. 25-54 and 56.

## II. Legal Standards and Analysis

### A. Amended habeas claims may be saved from dismissal as untimely if they relate back to the conduct, transaction, or occurrence described in the original petition.

Respondents argue that several grounds in the amended petition do not relate back to the original petition and should thus be dismissed as untimely. Doc. 57 at 7–9. A new claim in an amended petition that is filed after the expiration of the one-year limitation period will be timely only if the new claim relates back to a claim in a timely-filed pleading. The new claim must arise out of "the same conduct, transaction or occurrence" as a claim in the timely pleading. *Mayle v. Felix*, 545 U.S. 644 (2005).[3] Habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as claims in the original petition merely because the claims all challenge the same trial, conviction or sentence. *Mayle*, 545 U.S. at 655–64. Rather, under the construction of the rule approved by the United States Supreme Court in *Mayle v. Felix*, Rule 15(c) permits relation back of habeas claims asserted in an amended petition "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." *Id.* at 657. The reviewing court looks to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims." A claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be timely. 545 U.S. at 659 & n. 5.

### 1. Portions of ground 3(B) are dismissed as untimely but ground 3(C) relates back.

In federal ground 3 of the first amended petition, petitioner claims that his trial counsel rendered ineffective assistance of counsel in violation of his Sixth and Fourteenth Amendment rights. Doc. 24 at 15–19. Respondents argue that portions of ground 3 should be dismissed because they do not relate back to the original petition. Doc. 57 at 8.

---

[3] The parties do not dispute that the amended petition was filed after the one-year limitation period expired. Docs. 57, 59.

As part of ground 3(B), petitioner alleges that counsel failed to investigate a defense of self defense on the basis that the victim Steve Szany was high on methamphetamine prior to the murder Doc. 24 at 17. Petitioner also argues in ground 3(B) that counsel failed to investigate allegations that a jailhouse informant told police that petitioner told the informant that he had killed someone in self defense. *Id.* The court has reviewed the original petition and petitioner's opposition to the motion to dismiss and determines that the two portions of ground 3(B) set forth above do not relate back to the original petition. Petitioner set forth numerous specific ineffective assistance of trial counsel claims in his original petition. The amended grounds at issue here do not share any facts with the specific ineffective-assistance claims set forth in ground 2 of the original petition. Accordingly, these portions of ground 3(B) do not relate back and are therefore dismissed as untimely.

As part of ground 3(C), petitioner contends that his trial counsel failed to obtain a DNA expert or provide testimony at trial as to whether athletic shoes that had the victim's blood on them belonged to petitioner. *Id.* at 18–19. This court concludes that this claim relates back to ground 2 of the original petition. *See* Doc. 6 at 10–11 ("trial counsel did not bring in a shoe expert or consult one. The Jordan Jumpmans found under petitioner's bed were not his . . . . Petitioner told his counsel this and in fact the shoes did not even fit him . . . . A shoe expert would have told the jury that it would have been extremely difficult for petitioner to walk in size 10 shoes let alone run or fight . . . ."). This portion of ground 3(C) relates back to the original petition and therefore is timely.

### 2. Ground 8 is dismissed as untimely.

In ground 8 of petitioner's first amended petition, he alleges that appellate counsel rendered ineffective assistance in violation of his Fifth, Sixth and Fourteenth Amendment rights. Doc. 24 at 28–29. The only specific allegation in ground 8 is that appellate counsel failed to raise an insufficiency of the evidence claim on direct appeal. *Id.* at 29. Respondents point out, and petitioner acknowledges, that his original petition does not raise a claim that appellate counsel failed to argue that insufficient evidence supported his convictions. Doc. 57 at 8–9; Doc. 59 at 5–6. Petitioner argues, however, that his original petition should be read to contain a cumulative-error claim regarding appellate counsel's ineffective assistance. Doc. 59 at 5–6.

This argument is unavailing because a cumulative-error claim is distinct from an insufficiency-of-the-evidence claim. The court has reviewed the claims of ineffective assistance of appellate counsel in the original petition and concludes that ground 8 in the amended petition does not relate back.

### 3. Petitioner concedes that ground 10 is untimely.

Petitioner claims in ground 10 that insufficient evidence supported his conviction. Doc. 24 at 30. Petitioner concedes that ground 10 does not relate back to his original petition. Doc. 59 at 6.

### 4. Summary of petitioner's untimely claims

To summarize, ground 8, ground 10, and portions of ground 3(B) do not relate back, so these claims are dismissed as untimely. The part of ground 3(C) in which petitioner contends that his trial counsel failed to obtain a DNA expert or provide testimony at trial about whether athletic shoes that had the victim's blood on them belonged to petitioner relates back and is, therefore, timely.

### B. Exhaustion

Next, respondents argue that grounds 2 through 10 of the amended complaint are unexhausted. Doc. 57 at 9–14. I address each ground separately.

### 1. A habeas petitioner must first exhaust his claims in the state-court system before bringing them to federal court.

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications

of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner,* 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard,* 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted). However, citation to state caselaw that applies federal constitutional principles will suffice. *Peterson v. Lampert,* 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984).

**2.      Ground 2 is unexhausted.**

In federal ground 2, petitioner claims that the prosecutor failed to disclose the name and last known address of a witness, thereby violating petitioner's Fifth, Sixth and Fourteenth Amendment rights to due process and a fair trial. Doc. 24 at 13–15. Respondents point out that petitioner raised this claim in his direct appeal only as a violation of the notice requirements of NRS 174.234 and not as a federal constitutional claim. While the claim on direct appeal does state that the failure to comply with state law violated due process, the Ninth Circuit has held that such "general appeals to

broad constitutional principles" are insufficient for the purposes of exhaustion. *Hiivala*, 195 F.3d at 1106. In his opposition to the motion to dismiss, petitioner argues that he exhausted federal ground 2 when he brought the claim in his state postconviction petition that counsel was ineffective for failing to investigate and question this witness prior to trial. Doc. 59 at 7. However respondents are correct that a claim of ineffective assistance of counsel does not operate to exhaust the underlying substantive claim. Doc. 60 at 6–7 (citing *Rose v. Palmateer*, 395 F.3d 1108, 1111–12 (9th Cir. 2005)). Accordingly, ground 2 is unexhausted.

### 3. Ground 3 is mixed.

In federal ground 3, petitioner claims that trial counsel failed to investigate certain defenses, in violation of his Fifth, Sixth and Fourteenth Amendment rights to effective assistance of counsel, due process, and a fair trial. Doc. 24 at 15-19. He claims counsel (A) failed to investigate a defense of lack of *mens rea* or of being under the influence; (B) failed to investigate self-defense; and (C) failed to investigate witnesses or challenge the state's testimony regarding DNA evidence and the athletic shoes.

Respondents argue that in federal ground 3(A) petitioner includes additional factual allegations that were not presented to the Nevada Supreme Court in his appeal of the denial of his state postconviction petition. Doc. 57 at 11. Arguably, federal ground 3(A) presents some expansion of the factual allegations raised to the state supreme court, where petitioner includes specific allegations about his erratic behavior during an interview with a Henderson Police Department detective. Doc. 24 at 16–17. However, this court concludes that petitioner has presented to the state court the same operative facts and legal theory upon which this federal ground is based. *Bland*, 20 F.3d at 1473. Ground 3(A) is exhausted.

To the extent not already dismissed above, the court has compared federal grounds 3(B) and 3(C) to the claims that petitioner presented to the Nevada Supreme Court. The only claim that was arguably presented is the claim in ground 3(B) that counsel failed to investigate petitioner's physical injuries from a previous car accident. Exh. 135 at 8, 12–13. However, this portion of ground 3(B) is duplicative of ground 3(A) and is dismissed as duplicative. The remainder of ground 3(B) as well as ground 3(C) in its entirety are unexhausted.

#### 4. Grounds 4, 5, and 6 are unexhausted.

In federal grounds 4 and 5, petitioner contends that his Fifth, Sixth and Fourteenth Amendment rights to effective assistance of counsel, a fair trial, an unbiased jury, and due process were violated. In ground 4 he claims his trial counsel failed to file a motion to suppress petitioner's statements. Doc. 24 at 19–21. In ground 5, he claims that trial counsel failed to object to the excuse of jurors for cause during voir dire. *Id.* at 21–24. In ground 6, petitioner asserts that the cumulative effect of his trial counsel's errors, in addition to not providing an opening statement or a coherent defense, violated his Fifth, Sixth and Fourteenth Amendment rights to effective assistance of counsel, a fair trial and due process. *Id.* at 24–26. Petitioner did not present these claims to the Nevada Supreme Court. Accordingly, grounds 4, 5, and 6 are unexhausted.

#### 5. Ground 7 is mixed.

In federal ground 7, petitioner argues that the trial court improperly allowed erroneous jury instructions in violation of his Fifth, Sixth and Fourteenth Amendment rights to due process and a fair trial. Doc. 24 at 26–28. The jury instructions at issue are a state-of-mind instruction, a robbery instruction, and a reasonable-doubt instruction. *Id.*

Respondents acknowledge that petitioner challenged the same three jury instructions on direct appeal. Doc. 57 at 13; Exh. 91 at 41. They argue that petitioner presented this claim as a Fourteenth Amendment due process violation only and, therefore, the Sixth Amendment claim brought here was not exhausted. Doc. 57 at 13. This court has reviewed the cases that petitioner cited on direct appeal and concludes that petitioner fairly presented what is now ground 7 on direct appeal as Fifth and Fourteenth Amendment due process claims only. The Sixth Amendment claim is an additional legal theory that was not presented to the state court, *Bland,* 20 F.3d at 1473, and therefore, the claim in ground 7 alleging a Sixth Amendment violation is unexhausted.

#### 6. Ground 8 is mixed but it has been dismissed.

Petitioner alleges in ground 8 that appellate counsel rendered ineffective assistance in violation of his Fifth, Sixth and Fourteenth Amendment rights. Doc. 24 at 28–29. The only specific allegation in ground 8 is that appellate counsel failed to raise an insufficiency-of-the-evidence claim on direct appeal. *Id.* at 29. Respondents are correct that the only claims raised on appeal of the

denial of petitioner's postconviction petition were that trial counsel was ineffective in failing to investigate and present defense theories regarding petitioner's physical injuries from a recent car accident and his serious methamphetamine addiction. Doc. 57 at 13; Exh. 135. However, ground 8, as discussed above, does not relate back to the original petition and is therefore dismissed as untimely.

### 7. Ground 9 is mixed.

As federal ground 9 petitioner contends that he is entitled to relief due to cumulative error of the grounds set forth in the amended petition. Doc. 24 at 29. Ground 9 is exhausted to the extent that the underlying grounds are exhausted.

### 8. If ground 10 had not been dismissed as untimely, it is unexhausted.

In federal ground 10 petitioner argues that he is entitled to habeas relief because insufficient evidence supported his conviction. Doc. 24 at 30. Respondents are correct that this claim was never presented to the Nevada Supreme Court. However, as with ground 8, ground 10 does not relate back and is therefore already dismissed as untimely.

### 9. Petitioner has three options for proceeding with this mixed petition.

The court has dismissed portions of grounds 3(B) and grounds 8 and 10. Of the remaining claims, grounds 2, 3(C), 4, 5, 6, and parts of grounds 3(B), 7, and 9 are unexhausted. This makes Goodman's petition a "mixed petition" because it contains both exhausted and unexhausted claims.

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to **all claims** in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.*

At this point, petitioner, through counsel, must choose one of these three options:

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims; or

2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

3. He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted

claims.

Petitioner, through counsel, has until September 8, 2015, to advise the court of which option he has chosen.

### IV. Conclusion

IT IS THEREFORE ORDERED that respondents' motion to dismiss certain grounds in the amended petition **[Doc. 57] is GRANTED** in part and denied in part as follows:

1. Ground 3(A) is EXHAUSTED.

2. **The claim in ground 3(B) that trial counsel failed to investigate petitioner's physical injuries from a previous car accident is DISMISSED as duplicative. The claims in ground 3(B) that a victim was high on methamphetamine before the murder and that counsel failed to investigate allegations that petitioner claimed he had killed someone in self defense are DISMISSED as untimely.** The remainder of ground 3(B) is UNEXHAUSTED.

3. Grounds 2, 3(C), 4, 5, and 6 are UNEXHAUSTED.

4. The Sixth Amendment claim in ground 7 is UNEXHAUSTED. The remaining claims in ground 7 are EXHAUSTED.

5. **Grounds 8 and 10 are DISMISSED as untimely**.

6. Ground 9 is exhausted to the extent that it asserts the cumulative error of petitioner's remaining claims; in all other respects it is unexhausted.

IT IS FURTHER ORDERED that **petitioner, through counsel, has until September 8, 2015, to complete one of these three actions**: **(1)** inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; **(2)** inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; or **(3)** file a motion for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. **Petitioner is strongly cautioned that if he fails to respond to this order within the time permitted, this case may be dismissed.**

If petitioner elects to abandon his unexhausted grounds, respondents will have 30 days from

the date petitioner serves his declaration of abandonment to file an answer to petitioner's remaining grounds for relief. The answer must contain all substantive and procedural arguments as to all surviving grounds of the petition and it must comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254. Petitioner will have 30 days following service of respondents' answer to file a reply. If petitioner chooses to file a motion for a stay and abeyance or seek other appropriate relief, respondents may respond to that request as provided in Local Rule 7-2.

IT IS FURTHER ORDERED that petitioner's motion for extension of time to file amended petition **[Doc. 23] is GRANTED** *nunc pro tunc*.

Dated this 6th day of August, 2015.

_____
Jennifer Dorsey
United States District Judge